# Government Lawyers' *Pro Bono* Activities
## in the District of Columbia

Attorneys employed by the federal government are barred by 18 U.S.C. § 205 from participating in any case in which the District of Columbia is a party or has a direct and substantial interest. Conclusion of 1970 opinion that federal attorneys may not represent even on a voluntary basis indigent persons asserting claims against the District, affirmed.

November 3, 1980

## MEMORANDUM OPINION FOR THE STAFF DIRECTOR, FEDERAL LEGAL COUNCIL

This responds to your request on behalf of the Federal Legal Council for "an opinion as to whether [18 U.S.C. § 205] necessarily bars all federal attorneys from practice in any case in which the District of Columbia is a party or has a direct and substantial interest."

At the outset we wish to point out that this Department's position on the applicability of 18 U.S.C. § 205 to matters in which the District of Columbia is a party or has an interest does not stem from the fact that District criminal cases are handled by lawyers of the United States Attorney's Office. We originally took that position upon the enactment of § 205, and have consistently maintained it since then, because we concluded that § 205 requires it. We would maintain it even if the U.S. Attorney's Office were to withdraw completely from prosecutive work in the District.

The specific legal issue raised by the inquiry of the Council is whether a case involving the District is a "particular matter in which the United States is a party or has a direct and substantial interest" within the meaning of 18 U.S.C. § 205(2). This Office had occasion to rule on the issue formally a decade ago. Then it was raised by the former Civil Service Commission in relation to a proposal by the District of Columbia Chapter of the Federal Bar Association that District of Columbia and federal government attorneys be permitted to volunteer their representational services to indigent persons asserting claims against the District. Assistant Attorney General Rehnquist concluded, in a March 26, 1970 opinion, that such representation is barred by § 205 because a District matter is one "in which the United States is

a party or has a direct and substantial interest." We find no basis for diverging from that opinion today.

We have also considered the suggestion that certain similarities in function between the District of Columbia government and that of a state provide the justification for allowing presently barred *pro bono* activities of federal attorneys before the District of Columbia courts. The suggestion evidences the view that the Department has the discretion to permit such activities. In truth, the Department has no power of that kind. Only Congress can reduce the scope of 18 U.S.C. § 205.

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*